[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Memorandum Filed September 3, 1996
FACTS
The plaintiff, Delores A. Levesque, filed the present action with this court on July 1, 1996, seeking dissolution of her marriage to the defendant, Alfred P. Levesque. On July 24, 1996, the defendant filed a motion to dismiss on the ground that the marriage of the parties was dissolved on July 25, 1986 by the Honorable Walter M. Pickett, Jr. The defendant filed a memorandum of law in support of his position and the plaintiff filed a brief in opposition. Subsequently the defendant filed a supplemental memorandum of law.
The parties originally filed a complaint seeking dissolution of their marriage in this court in April of 1986 in an action entitled Alfred P. Levesque v. Delores A. Levesque. Superior Court, Judicial District of Litchfield at Litchfield, Docket No. 043618. Delores Levesque appeared pro se on April 11, 1986. Alfred Levesque was represented by Attorney John P. Febbroriello. No answer was filed by the defendant and the case was claimed to the family relations trial list by the then plaintiff Alfred Levesque. Judgment entered on July 25, 1986, whereupon it was "adjudged that the marriage of the parties to this action be and it is hereby dissolved and they are each hereby declared to be single and unmarried." Additionally, the judgment set forth property distributions between the parties.
On November 13, 1986, Mr. Levesque filed a pro se appearance dated November 7, 1986, in lieu of Attorney Febbroriello. On CT Page 5502 November 19, 1986, Attorney Carlo Forzani filed an appearance for Ms. Levesque and a motion to open judgment. The motion to open judgment set forth the following:
 The defendant [Dolores M. Levesque] in the above entitled action respectfully requests that the judgment of dissolution entered in this action on July 25, 1986, be opened and set aside and that the orders entered in said judgment be vacated.
 The defendant so requests for the reason that the dissolution of the marriage was a mistake and both parties are desirous of reconciling and wish to continue their 21-year marriage. No harm would come to anyone if said judgment were vacated, and it would foster the preservation and stability of the family, which is the public policy of the State of Connecticut.
The court, Aronson, J., granted the above motion to open judgment on December 8, 1986. The court file does not contain an objection to the motion and, in fact, on December 8, 1986, the then plaintiff, Alfred P. Levesque, filed a withdrawal of the case with the court. Mr. Levesque now argues that this court is without jurisdiction in the present divorce case because the motion to open only affected the financial orders and did not remarry the parties.
DISCUSSION
"The motion to dismiss shall be used to assert (1) lack of jurisdiction over the subject matter, (2) lack of jurisdiction over the person, (3) improper venue, (4) insufficiency of process, and (5) insufficiency of service of process." Practice Book § 143. The defendant did not state the grounds for his motion to dismiss, but the court assumes that the only avenue of attack is lack of subject matter jurisdiction.
The basis of the motion to dismiss is that the court lacks jurisdiction because the marriage has already been dissolved. The court takes judicial notice of the earlier court file and the contents of that file including the motion to open and the court's granting of that motion. "[T]he general rule is that a court having jurisdiction of a divorce case may, for good cause shown and on due proceedings, seasonably set aside, annul, CT Page 5503 vacate, or modify its own judgment or decree of divorce." 27A C.J.S.2d 531-32, Divorce § 239. In the present case, the court, taking judicial notice of the 1986 file finds that the court had jurisdiction over the case and that the judgment was opened, set aside and vacated in accordance with the motion to open. Accordingly, the dissolution of marriage was properly set aside and vacated as expressed by the wishes of the parties in the motion to open.[1] The motion to dismiss is therefore denied.
WALSH, R., J.